**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**June 24, 2005**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

TIMOTHY VIALPANDO,

     Petitioner-Appellant,

v.

RICHARD SOARES and THE
ATTORNEY GENERAL OF THE
STATE OF COLORADO,

     Respondents-Appellees.

No. 04-1229
(D.C. No. 99-M-1559)
(D. Colo.)

**ORDER DENYING A CERTIFICATE OF APPEALABILITY**

Before **BRISCOE** , **LUCERO** , and **MURPHY** , Circuit Judges.

     Timothy Vialpando requests a certificate of appealability ("COA") to

appeal the denial of his 28 U.S.C. § 2254 habeas petition.[1]  For substantially the

---

[1] Vialpando's petition was filed after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act ("AEDPA"); as a result, AEDPA's provisions apply to this case.  See Rogers v. Gibson, 173 F.3d 1278, 1282 n.1 (10th Cir. 1999) (citing Lindh v. Murphy, 521 U.S. 320 (1997)).  AEDPA conditions a petitioner's right to appeal a denial of habeas relief under § 2254 upon a grant of a COA.  28 U.S.C. § 2253(c)(1)(A).  A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right."  § 2253(c)(2).  This requires Vialpando to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."  Slack v. McDaniel, 529 U.S. 473,

(continued...)

same reasons set forth by the district court, we **DENY** Vialpando's request for a COA and **DISMISS**.

Vialpando was charged with sexual assault on a child by use of force, intimidation, or threat, and was convicted by a jury of the lesser included offense of sexual assault on a child. After Vialpando's convictions were upheld on direct appeal, he filed a timely motion for post-conviction relief under Colorado Rule of Criminal Procedure 35(c), which was denied. The Colorado Court of Appeals upheld the denial of Rule 35(c) relief, and Vialpando did not appeal this claim to the Colorado Supreme Court. Vialpando bases his claim for habeas relief on his contention that he was denied effective assistance of counsel when his trial counsel pursued a strategy that resulted in a conviction on a lesser charge, which carried the same life sentence as conviction on the greater charge because of the operation of Colorado's habitual offender sentencing statute. He contends the only purpose of this strategy was to avoid the use of this conviction as an aggravator in his pending death-penalty prosecution. Vialpando concedes that his claim is procedurally barred, but claims that he can show cause and prejudice.[2]

---

[1](...continued)
484 (2000) (quotations omitted). Vialpando has contemporaneously filed an appeal of a separate habeas denial challenging his conviction for sexual assault on a child and sexual assault in the first degree, No. 04-1230, which is the subject of an order on this same date.

[2] Vialpando also asserts that the district court abused its discretion in failing to
(continued...)

Despite the procedural default, the district court evaluated Vialpando's ineffective assistance of counsel claim on the merits under § 2254(e)(1), and held that the state court's resolution of Vialpando's ineffective assistance of counsel claim was not contrary to, or an unreasonable application of <u>Strickland v. Washington</u>, 466 U.S. 668 (1984). Moreover, the court below explained that:

> The Rule 35(c) hearing judge understood trial counsel's decision to be one of strategy. Defense counsel was "making a pitch to the jury for leniency, to find him guilty of some lesser charge, [which] is a far different thing than pleading guilty."

Before us, Vialpando contends the district court erred in applying <u>Strickland</u> because effective assistance of counsel can only be based on what is best in the case at hand, not, absent the client's specific consent, on what might benefit the client in another proceeding. In evaluating this claim the district court specifically found that:

> The record does not support the conclusion that this ruling was contrary to, or involved an unreasonable application of federal law, or was based on an unreasonable determination of the facts in light of the evidence presented to the state court. The court applied the correct legal standard after hearing from Vialpando and his counsel.

---

[2](...continued)
hold an evidentiary hearing. Although a hearing is required "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief," § 2255, we will not disturb the trial court's decision unless we have a "definite and firm conviction that the lower court made a clear error of judgment or exceeded the bounds of permissible choice in the circumstances." <u>McEwen v. City of Norman</u>, 926 F.2d 1539, 1553-54 (10th Cir. 1991). The district court's decision is not such a clear error.

The court permitted Vialpando to testify about all aspects of his proceedings . . . . Since the Rule 35(c) hearing was for motions filed in two separate cases, the court learned that not only was Vialpando facing the death penalty at the time of his trial in Case No. 86CR2471, but he had already been sentenced as a habitual criminal to life imprisonment in 86CR2454. Finally, the court heard Vialpando's testimony, which, itself, suggests that the pending death penalty case was of primary concern to Vialpando, as well as his lawyer. The court reached the conclusion that trial counsel was an effective advocate under all the circumstances.

Even if a procedural bar did not apply, we agree with the district court that Vialpando benefitted from reasonable and appropriate assistance of counsel. After examining the record on appeal, [3] we conclude that the state court's resolution of Vialpando's claim of ineffective assistance of counsel was not contrary to, or did it involve an unreasonable application of federal law.

Under AEDPA, if a claim is adjudicated on the merits in state court, we

---

[3] Even were we to review his claim de novo, the record makes it clear that his counsel's conduct did not undermine "the proper functioning of the adversarial process [such] that the trial cannot be relied on as having produced a just result." Stickland, 466 U.S. at 686. Beyond the issues highlighted by the Rule 35(c) court and the district court, the record shows that trial counsel both attempted to establish the identity defense, and to undermine the credibility of the victim overall. As part of this strategy, the defense counsel brought out prior inconsistent statements of the victim contradicting her trial testimony, specifically that she told others that she engaged in sexual activity with Vialpando voluntarily. Choosing to incorporate this tactic into the overall defense strategy does not render the strategic choice unreasonable, especially in light of the collateral consequences in his pending death penalty trial that would have resulted from conviction on the greater offense. Additionally, at the time of the trial for this offense, Vialpando was already serving one life sentence as a habitual criminal offender.

will grant habeas relief only if that adjudication resulted in a decision "that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1)-(2). After careful review of Vialpando's application, the district court's order denying relief, and the material portions of the record on appeal, we conclude that Vialpando's claims are without merit. Accordingly, because Vialpando has failed to make "a substantial showing of the denial of a constitutional right," his request for a COA is **DENIED** and the appeal is **DISMISSED** .

ENTERED FOR THE COURT

Carlos F. Lucero
Circuit Judge